Mr. Gillette, we are happy to hear from you. Thank you very much, your honor, and your honors, and may it please the court. I am here to argue this morning that the district court was lacking in jurisdiction when it civilly committed my client Richard Savage pursuant to the Adam Walsh Act for two reasons. First, because Mr. Savage was in fact in the custody of the Attorney General, but he was not in the custody of the Bureau of Prisons. Secondly, because the district court applied a federal law, the Adam Walsh Act, designed to protect the public from federal offenders who were sentenced in federal courts to federal sentences for Mr. Savage, who for purposes this morning was a state court prisoner sentenced by a state court into state time. Why do you draw a distinction between the attorney, the custody of the Attorney General, and the custody of the Attorney General? Thank you, your honor. Actually, I brought up here the government's brief, and I think the government does a fantastic job of explaining that. It cites to the DC Code, and in particular, I believe it's on page 11, it's section, title 24, section 201-26. These are the people who are in the custody of the Attorney General. All prisoners convicted in the District of Regulations, ordinances, acts of Congress, and the nature of municipal regulations and ordinances, all of these are in the custody of the Attorney General. If those two custodies, that is BOP and the Attorney General, are co-committant, then Adam Walsh would be applicable to somebody who received a traffic ticket or a DWI, or even whose dog defecated on the street. Well, where do you suggest the under what department of the government does it lie? It's within the Department of Justice. That's exactly right, your honor. The Bureau of Prisons is answerable. And who's the head of the Department of Justice? The United States Attorney General, and your honor, he's also the head of the United States Marshal Services, which has custodial authority, the FBI, which has custodial authority, a number of other agencies, and in fact, Congress knows the difference, because if you look to the jurisdictional prongs of 4248, it specifically mentions the custody of the Bureau of Prisons, and then it mentions the custody of the Attorney General, for purposes of 4241. Congress knew there was a distinction between the custody of the Attorney General and the custody of the Bureau of Prisons, and it chose to mention the custody of the Bureau of Prisons. And I government makes it very clear in its brief that my client, in his judgment of commitment, was committed to the custody of the Attorney General. Now, I do quite a bit of federal court work, and when one of my defendants is sentenced in federal court for a federal crime, he's committed by the terms of the form to the custody of the Bureau of Prisons. Now, when the DC Code provides that offenders be the custody of the Attorney General, they're not committing them, someone, to the custody of the FBI. They're not committing someone to the custody of the Environmental and Lands Division or the Antitrust Division. What would an the custody of the Attorney General, if that didn't mean the BOP? I mean, we're not committing them to the Antitrust Division. It's the Bureau of Prisons that has the capacity to incarcerate them. Your Honor, you're right, and of course, I'm assuming, but may go back and reiterate if you like, the issue here is not physical custody, it's legal custody, as this court has defined that in Joshua. That's the ultimate legal authority over the imprisonment of the defendant. Well, determination of release date is an ultimate exercise of authority, is it not? And doesn't the Bureau of Prisons determine the release date of a DC felon? We believe that's a ministerial. I'm sorry, Your Honor. What's ministerial about that? It can make a huge difference. It's applying the rules that Congress put forth and that also were put forth by, in this case, for DC prisoners, the Parole Commission. These are different rules. The Bureau of Prisons distinguishes in many of its legal writings between the different kinds of prisoners who are there, federal prisoners, DC prisoners, Uniform Code of Military Justice prisoners, contract prisoners from state. Case law... Contract prisoners, they don't determine the release date. And I guess I have to say, I'm drawing on my experience from Virginia, and the contract prisoners, the institution submitting them, I mean the state submitting them, determines the release date. And that's the entity that has control over the prisoner. And it seems to me that if you have the Bureau of Prisons determining the release date, that's the strong argument for legal custody. Your Honor, the Bureau of Prisons can't use the same rules. I mean, they don't make up the rules. They have to take the rules that are given. The fact that it chooses to assume the authority to be the calculator or the bean counter, as it were, no more gives it the custody over those people than, you know,  they do a lot more than counting beans, though. They give credit for time served prior to sentencing. They give all sorts of different credits. And that's an exercise of discretion, isn't it? Your Honor, they do that for all of the prisoners that are in there. If they're given authority to award good time credits, I think that's what you're talking about. Even state prisoners, they get to decide, according to the state law, what good time credits might apply to military prisoners, D.C. prisoners, federal prisoners. Right, but I'm talking about any determination that they make with regard to the release date. You're saying that Joshua, that in the Joshua case, the Bureau of Prisons also determined his release date and not the military? Your Honor, I do not know how that release date was determined, but I do know that the Bureau of Prisons has a manual that it says it uses, and it's not rules of its own making. It's simply exercising, as Your Honor said, the discretion given to it to say, yes, the prisoner met this rule for good time. No, the prisoner didn't make that rule for good time. Yes, we're exercising discretion to take good time away from us. I think what's most important is that the looking at the law and the statute in Title 18 that says that federal prisoners are committed to the Bureau of Prisons, and the D.C. Code, which says something very different, just on the face of the law. There are decisions going back some time from the D.C. Circuit that take the predecessor of the statute that you started with and say that that is not simply physical custody in the hands of the Attorney General, it's legal custody. And we can see that. Absolutely it's legal custody, but the Attorney General is not the Bureau of Prisons. The laws are very clear that they're different entities. Back to Judge Wilkinson's earlier question, how can you differentiate between legal custody on behalf of the Attorney General and his supervised inclusive agency, the Bureau of Prisons? The Attorney General can choose to designate Mr. Savage to other entities. There's a contract prison in Winton, North Carolina, the Rivers Correctional Institution. They have 700 D.C. felons. And to the best of my knowledge, if we're talking about physical custody of the Bureau of Prisons, they're not in the physical custody. We're talking about legal custody. That's the determining factor under Joshua, among other cases. And I think your own example shows that the Attorney General had to have legal custody in order to make a disposition among the various institutions. But that would be true for any inmate. Absolutely, Your Honor. The Attorney General has legal custody over municipal regulation violators. The Attorney General has custody over everyone who's convicted of anything in the D.C. court. That's not the same as the Bureau of Prisons. The Attorney General could choose to send a misdemeanant to the Bureau of Prisons. We would maintain that does not mean that the Adam Walsh Act is applicable to a misdemeanant who happens to be serving some time in a Bureau of Prisons. Though the Attorney General could in fact do that. And that, I think, goes to the heart of Comstock. Comstock said Adam Walsh is a federal law. It's intended to apply to federal prisoners who, because of the extreme length of their imprisonment or the distance from which they're taken out of their home states, have severed the connections. And when we cut them loose, if they are dangerous individuals, there's no state willing to take them back. Now that Lorton has been eliminated with the Revitalization Act, how is there any D.C. facility for maintaining legal custody? I mean, no felons who are sentenced in the D.C. courts now have any place to go. Other than the Bureau of Prisons. Exactly, Your Honor. Doesn't that factor in our analysis? It's not a situation like in Joshua where you clearly have two entities that could have controlled the disposition. Here, unless you're a misdemeanant or a felon awaiting trial, you don't go to the D.C. jail and Lorton doesn't exist anymore. You're right, Your Honor, but it's not where you serve your time. It's where you go afterwards and the D.C. is a state system for these purposes according to 4247A. And so the District of Columbia takes them back. The District of Columbia has, in my brief and in the record, there's a very detailed plan. What relevance does that have to the legal custody at the time he's in the federal penitentiary? Your Honor, I was answering Judge Keenan's point, but you're right. The legal custody, as I have been saying, is in the United States Attorney General. It's not in the Bureau of Prisons. It is a state court custody. It's not a federal custody. In 4247A says that this custody is, or that D.C. is treated as a state for these purposes. So when they have finished their term of imprisonment, they go back to the District of Columbia who, in the case of my client, will supervise them on post-release supervision. May, in fact, as Congress has chosen to have a set of civil commitment statutes in Title 18, Congress has also chosen to enact a series of civil commitment statutes in the D.C. Code. But isn't it a dangerous road when you get, if we try to sort of split off the Bureau of Prisons from the Attorney General and say that these are two different entities, when one is clearly a part of the Department of Justice, one is clearly under the supervision of the Attorney General, one would, the Bureau of Prisons is clearly the logical entity to which the custody of the Attorney General refers, and certainly the Attorney General has plenary authority, would have authority to assign someone to the Bureau of Prisons depending on the judgment order. But I just don't understand. That seems to me trying to split off subordinate components under a statute which says this goes to the custody of the Attorney General. That would seem to me to include the subordinate agencies within the Attorney General's discretion. If you had a statute saying this is committed to the discretion of the President, that would mean all of the subordinate offices within the executive branch. And to try to say no, that's different. It's almost like saying that certain entities aren't, you're completely disrupting the chain of command within the whole organizational system upon which the federal government depends and on which the exercise of authority depends. Your Honor, with all due respect, if I can call the attention of the Court back to Joshua, this Court's own summation of that looked at that kind of reasoning and said, well, that's not appropriate here. But Joshua was mainly concerned with differentiating between systems of civilian and military justice. And I don't think that that kind of comparison is really at play here. I mean, it seemed to me that that was at the heart of Joshua, which was the difference. between the military justice system and civilian courts. And that was very much at the heart of the opinion. And I just don't see that same element being at play in this case. Well, Your Honor, this Court specifically said in Joshua that if you were to assume that the Bureau of Prisons was in, it would swallow up the custody of the Attorney General because Congress distinguished between the two. Congress said Bureau of Prisons has one prong of the jurisdictional element. A second jurisdictional element is the custody of the Attorney General for specific purposes. Okay, but what about 24-101 in the language that says that the D.C. felons shall be designated by the Bureau of Prisons to a penal or correctional facility operated or contracted for by the Bureau of Prisons for such term of imprisonment. So it's not the Attorney General who is designating them, but it's the Bureau of Prisons who is designating them. And then if you drop down to paragraph B, you have, again, shall be transferred to the penal or correctional facility operated for by the Bureau of Prisons, and the Bureau of Prisons shall be responsible for custody care, subsistence education, treatment, and training. Custody, you're saying there means only physical custody. Physical custody, yes, Your Honor. But if you look at A, A is talking about the Bureau of Prisons designating the prisoner to a particular penal or correctional facility. Now, isn't that designation an exercise of legal custody over the prisoner in a way that section B, dealing with physical custody, is not? Your Honor, that is the nature of physical custody, is all of these different things that are articulated there. Now, that particular law is applicable as of December 31, 2001, and it was for the purpose of taking physical custody of people who were in Lorton when Lorton closed down and moving them. The Bureau of Prisons made that decision under the statute, not the Attorney General. Well, the Bureau of Prisons decides where to send people. I mean, my client could have been sent to Timbuktu by the Bureau of Prisons, but we maintained. But what I'm saying is the initial transfer was not to the Attorney General under that statute, was it? The initial designation was to the Bureau of Prisons because they were going to go to Bureau of Prison facilities, and the Bureau of Prisons Well, if the Attorney General, I don't mean to cut you off, but if the Attorney General was the legal custodian, wouldn't they have had to transfer to the Attorney General for further transfer to the Bureau of Prisons? I see that it looks like my time is done. May I answer that question? We believe that the Attorney General could have designated wherever the Bureau of Prisons put this prisoner, and again, this was before the time that my client was sentenced, that the Attorney General could certainly pick them up and put them in the private facility in Rivers, North Carolina, could have put them in custody of whatever other kind of facility that the United States had access to. That was the nature of the custody that the Attorney General had pursuant to this law, and the Bureau of Prisons was merely the physical custodian who educated and fed and clothed and did all of the things administratively and by means of regulations that a physical custodian does. Thank you, sir. You've got some rebuttal time, too. Yes, Your Honor. Thank you. Mr. Breedenburg? Good morning. May it please the Court, my name is Michael Breedenburg, and I represent the government in this case. The issue here is whether the District Court was correct in finding that the appellant was, in fact, in the custody of the Bureau of Prisons at the time of his certification pursuant to 4248. What we know here is that the appellant was certified as a sexually dangerous person pursuant to 4248 while he was serving a D.C. sentence in a federal facility at the Federal Correctional Institution in Butner, North Carolina. He was also certified because the Director of the Bureau of Prisons determined that he was in the custody of the BOP and that he was a sexually dangerous person. And we know from Fourth Circuit precedent in Joshua that the custody for purposes of 4248 is legal custody. And we also know that legal custody is essentially the ultimate legal authority over the person. We know that military prisoners and ICE detainees are not in legal custody of the BOP pursuant to 4248 because some other government entity maintained ultimate authority over them. In this particular case, however, for the reasons already discussed and the two D.C. statutes, it's clear that the ultimate legal authority over Mr. Savage was transferred to the Bureau of Prisons by D.C. law. The first is the 1940 statute, the place of imprisonment, which essentially commits all D.C. Code offenders to the custody of the Attorney General. Does it make a difference that the Adam Walsh Act in 4248 speaks about the Bureau of Prisons and the D.C. Code says committed to the custody of the Attorney General? Does it make a difference that the D.C. Code doesn't actually use the words Bureau of Prisons? Well, the D.C. Code does use Bureau of Prisons in that second statute. In the Revitalization Act in 1997, when the D.C. Department of Corrections essentially closed, it does transfer all legal authority to the Bureau of Prisons, as was already discussed. The Bureau of Prisons shall be responsible for custody, care, subsistence, education, treatment, and training of all D.C. Code felony offenders. So when you read the two statutes together, the 1940 statute and the 1997 Revitalization Act, it's clear that the custody of the Attorney General is, in fact, the custody of the Bureau of Prisons. More support for that is counsel's reference to individuals in D.C. who may be housed at a non-Bureau of Prisons facility. Winton, North Carolina, for example, is a private facility. The Bureau of Prisons is still ultimately legally responsible for that individual. The Bureau of Prisons is responsible for computing the sentence of that individual and ultimately determining whether a person outside of a Bureau of Prisons facility is going to be released. So that individual is also in the custody of the Bureau of Prisons because BOP maintains ultimate legal authority over them. Judge Wilkinson mentioned that the logical entity of assuming the responsibility of the Attorney General is the Bureau of Prisons. Well, it's also the legal entity for the reasons that we discussed. The Bureau of Prisons has been delegated by the Attorney General to handle all prison-related issues and, in regulation, all issues related to the mental health statutes. Importantly, also, the Revitalization Act explicitly says that all D.C. Code felony offenders shall be subject to any law or regulation applicable to U.S. Code offenders. That includes Section 4248, the Adam Walsh Act. The United States Code at 18 U.S.C. 4247J specifically excludes certain provisions of the mental health statutes from applicability to D.C. Code offenders. And those are only the criminal-related provisions from 4241 through 4244. The civil commitment provisions 4245, 4246, and 4248 are specifically left out, which makes it clear congressional intent that the 4248 applies to D.C. Code offenders. Other questions? Do you think that any linguistic discrepancy is resolved by the 1997 Revitalization Act? To the extent that there is a discrepancy, it's the government's position that all, that the Revitalization Act transferred any questionable authority to the Bureau of Prisons with regard to prison-related issues. I'm just saying, let's assume arguendo that there's some operable difference between the Attorney General and Bureau of Prisons. I'm not convinced that there is. You say that's resolved by the passage of the Revitalization Act. For the purposes of D.C. Code felony offenders, yes. And it's that phrase that the Revitalization Act actually used the language in the custody of the Bureau of Prisons. Correct. And that conveyed legal custody. It did. Not just physical custody. Now you have, Judge Agee mentioned earlier that the D.C. Circuit in the Frazier case interpreted the word custody to mean both physical and legal custody. And why would we, what logical reason is there to split the concepts of physical custody and legal custody up when a statute uses the word custody? Isn't the use of the word custody meant to embrace both physical and legal custody unless there's some indication that they meant to differentiate between the two? There could be situations where that distinction is necessary. Like, for example? In order for an individual to file a habeas petition, they must be in the physical custody of the government. But in this situation where we're talking about D.C. Code offenders, would there be any reason to differentiate between physical and legal custody in this context where we are talking about offenders being committed to the custody of the Bureau of Prisons or Attorney General? Is there any reason why Congress would want it to have bifurcated the concept of custody and indicated that legal custody or physical custody was in the Bureau of Prisons, legal custody was in the Attorney General? That strikes me as a recipe for confusion, to read these statutes as bifurcating the legal custody and physical custody. And it would kind of create a mess within the Department of Justice if we were to say, well, one entity of the Department of Justice has physical custody and one entity has legal custody. I mean, you have to have this match-up with the way in which the federal government is organized. And the ultimate authority here, you know, I'm just not comfortable with trying to split up. There are too many splits in this case. We're trying to split the Department of Justice, I mean, the Attorney General, the Bureau of Prisons. We're trying to split legal custody and physical custody, and we're going to end up with a mess with all these splits. I mean, it's just, everything's going to get wrapped around the axle if we split legal and physical custody and we split the Bureau of Prisons and the Attorney General. It's going to be a hash. I mean, that's where we're going. Right, and I agree with you, Your Honor. And that was actually the government's position as well in the Joshua case. And there was essentially a split in that case between physical and legal. But in this particular case, the physical and legal are clearly the same. But that's what Kenan mentioned, that that's a different sort of situation where you really did have two dramatically different systems, the Uniform Code of Military Justice and a whole different set of rules for military justice and here in civilian justices. I mean, they were as different as night and day. So as Judge Kenan pointed out, you have two entities there. But you don't have that night and day difference here, it seems to me. That's right, and I agree. I agree that the issue here is clean. There's two D.C. statutes that apply. It's clean unless we mess it up. How do you respond to Mr. Gillette's point about the calculation of the release date not being significant? It is significant, and the evidence that suggests that the Bureau of Prisons is responsible is the fact that they created a sentence computation manual after the D.C. Revitalization Act. They had to do that because they were ultimately responsible for calculating D.C. code offenses. Prior to that, they weren't. D.C. was. The District of Columbia Department of Corrections did it. And even if the Bureau of Prisons had the body of the person in that circumstance, D.C. was ultimately legally responsible. Once the Revitalization Act came into play, the Bureau of Prisons became ultimately legally responsible, created the sentence computation manual that was consistent with the variety of D.C. laws that were in place and that were passed over a period of years. So it certainly supports the government's position that BOP maintains ultimate legal responsibility. You would say that's an item of factual significance that proves the legal custody of the Attorney General? Correct. It certainly supports it, yes. The Frazier case is still good law? I believe so, Your Honor. That equates them and says, you know, this Attorney General's custody of D.C. offenders means physical and legal. That's right. Do you have anything else you want to say? I don't, Your Honor. If you have no more questions. Hold on a minute. Let me. All right, we're fine. Thank you. Mr. Gillette, let's hear from you, sir. Thank you, Your Honor. You agreed with everything that was said in the past 20 minutes. Well, Your Honor, that wouldn't be the question. It's what Your Honors think is the case. I believe that the strongest argument I have to tell you, say to you, is that Congress has carefully chosen its words. Congress has chosen to distinguish in 4248 between custody of Bureau of Prisons and custody of the Attorney General. Congress has chosen to put the relevant statutes related to D.C. co-defenders in a separate body, a separate code, than it has those related to federal defendants, and including 4248. I do have here the statute. What do you do with the revitalization act? Thank you, Your Honor. I have that in front of me, and I'd like to read it to you, the relevant section here. Felons sentenced pursuant to the D.C. code. I believe that's what the government intends here. Notwithstanding any other provision of law, and not later than December 31, 2001, the Lorton Correctional Complex shall be closed and the felony population sentenced pursuant to the District of Columbia code residing at Lorton Correctional Complex shall be transferred to a penal or correctional facility operated or contracted for by the Bureau of Prisons. Such persons shall be subject to any law or regulation applicable to persons committed for the violation of the laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible for custody, care, subsistence, education, treatment, training, or such persons. This doesn't say designated. This doesn't say put in legal custody. This has transferred, just a transfer. It does use the word custody, and as we have said, we believe that's consistent with Particularly once you've read that last sentence of that subsection B, I mean, what's left? The Bureau of Presidents slash Attorney General doesn't have the complete custody, physical and legal. Tell me what carve out is left? Legal custody is left. These are the physical things that every secure facility needs. I mean, a physical custodian of a jailer needs to be able to figure out the food, the clothing, the education, the rules that will put somebody back in a special housing unit. What legal custody, to use that term as a bifurcation, what segment of that is left for any other entity besides the Attorney General? The Attorney General can pull my client out of the Bureau of Prisons at any moment and put him someplace else. I know, but that seems to prove the case for the government, though. I'm asking you, after you read subsection B, the last sentence, what aspect of legal custody is there in any entity besides the Attorney General? I see my time's up. May I answer, Your Honor? The United States Parole Commission can issue rulings about paroling the individual. That would be true for all federal inmates. That's exactly the point, Your Honor. As with all federal inmates, there are elements of legal custody that are not in control of the Bureau of Prisons. And as the Frazier case, as was mentioned earlier, legal custody of the Attorney General has been applied to state court inmates who are committed for special purposes to the Bureau of Prisons. Legal custody of the Attorney General, by this court, have been applied to people who are in the Bureau of Prisons under habeas corpus ad prosequentem. The legal custody of the Attorney General has been applied to individuals in a variety of cases which clearly are not applicable under the Adam Walsh Act. Barbara, did you have a question? Thank you, sir. And I see you're court-appointed. And I want to say how much I respect the thorough nature of your preparation and the vigor with which you pressed your argument. We really appreciate it. Thank you very much, Your Honors.
judges: J. Harvie Wilkinson III, G. Steven Agee, Barbara Milano Keenan